ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 7 2012

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| NANETTE WESLEY, Individually and as Administrator of the Estate of TERRELL CONSTATINE WESLEY, III, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | **WSD** |
| UNITED STATES OF AMERICA and JEFFREY DUMANDAN MANALOTO, MD, | ) ) ) ) | **1:12-CV-0600** |
| Defendants. | ) ) ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Nanette Wesley, Individually and as Administrator of the Estate of Terrell Constantine Wesley, III, deceased, and for her first cause of action against Defendant alleges as follows:

**1.**

This action arises under the Federal Tort Claims Act of 1948, 28 U.S.C.A. §§ 1346(b), 2671 et seq.

**2.**

At the time of his death, Mr. Wesley resided at 21 West Wesley Road, NW, Atlanta, Georgia 30327. At the time of Mr. Wesley's death, Plaintiff resided, and currently resides, at 785 Grimes Bridge Road, Roswell, Fulton County, Georgia 30075.

**3.**

Pursuant to 28 U.S.C.A. § 1391(a), venue is proper in the Judicial District where a substantial part of the events or omissions giving rise to the claim occurred. In the above-entitled action, Plaintiff is bringing this suit based on improper medical services Terrell Constantine Wesley, III underwent at the Veterans Administration Hospital located at 1700 Clairmont Road, Decatur, Georgia 30033-4032 (hereinafter "VA"). Therefore, venue is proper in the United States District Court for the Northern District of Georgia.

**4.**

Pursuant to 28 U.S.C.A. § 1391(a), venue is proper in the Judicial District where a substantial part of the events or omissions giving rise to the claim occurred. In the above-entitled action, Plaintiff is bringing this suit based on improper medical services Terrell Constantine Wesley, III received from, among others, Jeffrey Dumandan Manaloto, MD who, at all relevant times, was an agent

and/or employee of VA and who resides at 594 Wimbledon Road, NE, #7132, Atlanta, Georgia 30324. Therefore, venue is proper in the United States District Court for the Northern District of Georgia.

**5.**

At all times mentioned in this complaint the VA was owned and operated by the United States of America. At all times the physicians, including Dr. Manaloto, nurses, and other medical personnel employed at VA were the agents, servants and employees of the Defendant United States of America, acting at all times within the course and scope of their employment. Given such, the United States of America is liable for all negligent acts and omissions by VA, Dr. Manaloto, and any person purporting to provide medical care to Mr. Wesley, including his nurses, nurses aids, nursing techs, resident physicians, and other medical care providers.

**6.**

On or about June 10, 2011, a tort claim for damages (Form 95) for personal injury was filed on behalf of Terrell Constantine Wesley, III, pursuant to 28 U.S.C.A. § 2401 and 28 U.S.C.A. §§ 2671 to 2680. The tort claim arose from acts or omissions which occurred at VA beginning in approximately June 27, 2009 for treatment of Mr. Wesley's symptoms associated with severe pancreatitis.

**7.**

The Department of Veterans Affairs denied the claim (Form 95) on September 15, 2011.

**8.**

With respect to medical care rendered to Mr. Wesley on June 27, 2009 through his death, in the examination, diagnosis, prescription of medicines and drugs, and handling and controlling of the care and treatment of Mr. Wesley, Defendants, and each of them, negligently failed to possess and to exercise that degree of knowledge and skill ordinarily possessed and exercised by other physicians, surgeons, hospitals, nurses, attendants, and the like, in the same or similar circumstances as the Defendants.

**9.**

More specifically, on June 27, 2009, Mr. Wesley presented to VA with complaints of abdominal pain, 10/10. A CT was performed, and it showed a hiatal hernia in lower thoracic esophagus consistent with probable reflux.

**10.**

Hiatal hernias present a known risk for pulmonary aspiration.

4

**11.**

On June 28, 2009, at 0835, Mr. Wesley was noted to be dizzy, diaphoretic, and unresponsive.  Indeed, he had to be medically revived by his care providers.

**12.**

On June 28, 2009, at 1320, PGY5 resident Virginia Baker, MD documented that an ICU transfer should be considered for Mr. Wesley, as he "needs aggressive resuscitation."  Further, she noted that "Pancreatitis patients have a tendency to clinically worsen very quickly" and need "closer monitoring."  Mr. Wesley was located in a room "way down the hall," making it difficult to monitor his fragile condition.

**13.**

Dr. Baker discussed her concerns with the attending physician Defendant Manaloto.  Defendant Manaloto did not agree to move Mr. Wesley to the ICU for closer monitoring.

**14.**

On June 29, 2009, Mr. Wesley's care providers administered to him 4mg of morphine and exited his room.

**15.**

The record indicates that at 0930 on June 29, 2009, a "lift team" assisted Mr. Wesley to a stretcher for transport to ultra sound.

**16.**

Mr. Wesley was not transported to ultrasound at 0930 and was, instead, left alone.

**17.**

Sometime after being assisted to a stretcher, and while alone without a medical care provider at his side and without any monitoring measures in place, Mr. Wesley vomited and suffered pulmonary aspiration of emises.

**18.**

At 1002 on June 29, 2009, Mr. Wesley was pronounced dead, secondary to the aspiration event.

**19.**

As a direct and proximate result of the aforesaid acts or omissions of Defendants, and specifically the failure to provide Mr. Wesley with monitoring commensurate with the requirements of the standard of care, Mr. Wesley sustained serious and severe personal injuries and pain, mental and emotional anxiety, and even death. Plaintiff, therefore, is entitled to recover damages for Mr. Wesley's

conscious pain and suffering, medical expenses, funeral expenses, and wrongful

death, in an amount to be determined by the enlightened conscious of the Court.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays and demands as follows:

A.    That Process and Summons issue, as provided by law, requiring

defendants to appear and answer Plaintiff's Complaint;

B.    That service be had upon defendants as provided by law;

C.    That the Court award and enter a judgment in favor of the Plaintiff, as

Administrator of the Estate of Terrell Constantine Wesley, III

against Defendants in an amount in excess of $10,000.00 to

compensate the Estate of Mr. Wesley for his funeral expenses, burial

expenses, medical expenses, and pain and suffering, plus interest and

costs;

D.    That the Court award and enter a judgment in favor of the Plaintiff

against defendants in an amount in excess of $10,000.00

to compensate for the full value of the life of Mr. Wesley as shown by

all the evidence, plus interest and costs;

E.    Plaintiff be awarded all damages, including, but not limited to, all

general, special, compensatory, economic, and other allowable

damages, in accordance with the enlightened conscience of an this

Court, from the Defendants, and as permitted under Georgia law;

F.    That Plaintiff have a trial as to all issues; and,

G.    That Plaintiff has such other and further relief as the Court may deem

just and proper.

Respectfully Submitted,

**DIXON MILLS, LLC**

SK Rod Dixon
Georgia Bar No. 223395

1349 West Peachtree Street, NE
Suite 1220
Atlanta, Georgia 30309
404-733-1166
404-478-7240 (fax)
rod@dixonmillslaw.com

*Attorneys for Plaintiffs*



**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF REGIONAL COUNSEL**
1700 Clairmont Road
Decatur, GA 30033-4032
(404) 929-5851
FAX (404) 929-5870

September 15, 2011                    CERTIFIED MAIL

Mr. Jonathan W. Johnson
Attorney at Law
4E Executive Park East
Suite 355
Atlanta, GA 30329

RE:  <u>Administrative Tort Claim, Estate of Terrell Wesley,</u>
<u>III, Notice of Final Denial</u>

Dear Mr. Johnson:

This is in reference to your client's claim for damages
filed on June 20, 2011.  In that claim, your client alleged
that the Atlanta VAMC failed to appropriately attend to the
patient's vomiting; consequently, he aspirated and died.

During our investigation, we did not find any evidence of
negligence by any VA provider.  Therefore, the government
denies liability in this case.  Accordingly, your client's
claim is denied.

If you are not satisfied with our decision, you may file a
request for reconsideration of your claim with the VA
General Counsel by any of the following means: (1) you may
mail your request to the Department of Veterans Affairs,
General Counsel (021B), 810 Vermont Avenue, N.W.,
Washington, D.C. 20420; (2) you may file your request by
data facsimile (fax) to (202) 273-6385; or (3) you may
email your request to OGC.torts@mail.va.gov.  To be timely
filed, VA must <u>receive</u> this request prior to the expiration
of six months from the date of the mailing of this final
denial.  Upon filing such a request for reconsideration,
the Department of Veterans Affairs shall have six months
from the date of that filing in which to make a final
disposition of the claim.  Your option to file suit in an
appropriate United States District Court under 28

U.S.C.§2675(a) shall not accrue until six months after the filing of such a request for reconsideration

In the alternative, your attention is invited to the provisions of the Federal Tort Claims Act, 28 U.S.C., Sections 1346(b) and 2671-2680. This Act provides that a tort claim that is administratively denied may be presented to a United States District Court for judicial consideration. Such suit must be initiated within six months after the date of the mailing of this notice of final denial(28 U.S.C. §2401). If you decide to initiate suit against the Department of Veterans Affairs, you are advised that the proper party defendant is the United States, not the VA (28 U.S.C. §1346(b)and 2671 et seq.)

Sincerely,

John L. Pressly
Assistant Regional Counsel

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>William M. Thigpen, III, Regional Counsel<br>Atlanta VA Regional Office<br>1700 Clairmont Road<br>Decatur, GA 30033 | 2. Name, Address of claimant and claimant's personal representative, if any (See instructions on reverse.) (Number, street, city, State and Zip Code)<br>Decedent: Terrell Constantine Wesley, III<br>Nanette L. Wesley, as Administrator of Estate of T.C. Wesley, III<br>785 Grimes Bridge Road<br>Roswell, GA 30075 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>MILITARY [ ] CIVILIAN [X] | 4. DATE OF BIRTH<br>March 1, 1935 | 5. MARITAL STATUS<br>Divorced | 6. DATE AND DAY OF ACCIDENT<br>Monday, June 29, 2009 | 7. TIME (A.M. or P.M.)<br>A.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Mr. Terrell Constantine Wesley III was a patient at the Veterans Administration Medical Center in Decatur, Georgia. He was suffering from severe pancreatitis which caused episodes of vomiting. This condition continued for two days. After one such incident, Mr. Wesley was left unattended, was not assisted after episode of vomiting, and was left in a position that rendered him unable to clear the emesis from his mouth, throat, and airways. As a result, Mr. Wesley inhaled the material into his lungs, choking to death on his own vomit. The cause of death: aspiration. The Medical Center's failure to leave Mr. Wesley in a position that would render him able to clear his airways on his own, their failure to assist Mr. Wesley during his episode of vomiting, and their failure to tend to Mr. Wesley shortly thereafter resulted in his death.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)
N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
Decedent: Terrell Constantine Wesley III
Cause of Death: Negligence in failing to properly monitor patient.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH<br>10,000,000.00 | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>10,000,000.00 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Nanette Wesley* | 13b. Phone number of signatory | 14. DATE OF CLAIM<br>June 10, 2011 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority.* The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS

### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,
to  Director, Torts Branch
    Civil Division
    U.S. Department of Justice
    Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| | |
|---|---|
| 15. Do you carry accident insurance? [ ] Yes, if yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. | [ ] No |
| N.A | |

| | |
|---|---|
| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
| N.A | |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *It is necessary that you ascertain these facts.*

N.A

| | |
|---|---|
| 19. Do you carry public liability and property damage insurance? [ ] Yes, if yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* | [ ] No |
| N.A | |

SF 95 (Rev. 7-85) BACK

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

NANETTE WESLEY, Individually and )
as Administrator of the Estate of TERRELL )
CONSTATINE WESLEY, III, Deceased, )
                                     )

      Plaintiff,            )

                             )    Case No.

      v.                  )

                             )    **1:12-cv-0600**

UNITED STATES OF AMERICA and )
JEFFREY DUMANDAN MANALOTO, )
MD,                          )

                             )

      Defendants.       )

_____)

## LR 7.1 (D) ND.Ga. CERTIFICATE

This is to certify that the foregoing **COMPLAINT FOR DAMAGES** has been prepared using one of the font and point selections approved in LR 5.1 ND.Ga.

This the 27th day of February 2012.

                            **DIXON MILLS, LLC**

                            SK Rod Dixon