IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NANETTE WESLEY, individually
and as Administrator of the Estate of
TERRELL CONSTANTINE
WESLEY, III, deceased, and
TERRELL CONSTANTINE
WESLEY, IV, individually,

    Plaintiffs,

v.                                                                1:12-cv-600-WSD

UNITED STATES OF AMERICA,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on the United States of America's Motion to Dismiss Amended Complaint [10]. Also before the Court is the United States of America's Motion to Dismiss [7].

**I.   BACKGROUND**

This action arises from alleged medical malpractice suffered by Terrell Constantine Wesley, III ("Decedent") at the Veterans Administration Medical Center ("VAMC") in Decatur, Georgia. Plaintiffs are Nanette Wesley, individually and in her capacity as the Administrator of the Estate of the Decedent, and Terrell Constantine Wesley, IV, individually. Plaintiffs bring this action

against Defendant United States of America ("Defendant") under the Federal Tort Claims Act ("FTCA"). Plaintiffs allege that, on June 29, 2009, the Decedent suffered various personal injuries, and ultimately died, as a result of the negligence of VAMC and its employees.

On June 10, 2011, Nanette Wesley, the Decedent's daughter-in-law, submitted a claim (the "Administrative Claim") to the Department of Veterans Affairs on a government form known as "Standard Form 95." The Standard Form 95 identified the "claimant" as "Nanette L. Wesley, as Administrator of Estate of T.C. Wesley, III" and identifies the "decedent" as the Decedent here. The Standard Form 95 stated that the Decedent died as a result of negligence, and it seeks $10 million. The Department of Veterans Affairs denied the Administrative Claim.

On February 27, 2012, Plaintiff filed this action. The original Complaint names only Nanette Wesley, individually and as the Administrator of the Estate of the Decedent, as the Plaintiff. The original Complaint did not include an affidavit of an expert opining on Defendant's professional negligence. On April 30, 2012, Defendant filed its motion to dismiss the original Complaint [7].

On May 21, 2012, an Amended Complaint was filed. The Amended Complaint names as Plaintiffs both Nanette Wesley, individually and as the

Administrator of the Estate of the Decedent, and Terrell Constantine Wesley, IV ("T.C. Wesley, IV"), the Decedent's son and Nannette Wesley's husband. The Amended Complaint includes an affidavit by James A. Sexson, M.D. ("Dr. Sexson") in which Dr. Sexson opines that Defendant's agents were negligent in their care of the Decedent.

On June 7, 2012, Defendant filed its Motion to Dismiss the Amended Complaint. Defendant first asserts that the entire action should be dismissed because the original Complaint did not include an expert affidavit. Defendant also asserts that the claims of Nanette Wesley, in her individual capacity, and of T.C. Wesley, IV should be dismissed because those claims were not administratively exhausted prior to the filing of suit.[1]

## II.  DISCUSSION

### A.  Failure to Include Expert Affidavit with Original Complaint

Section 9-11-9.1 of the Georgia Code governs state law claims for professional malpractice. The statute states, "In any action for damages alleging professional malpractice . . . [t]he plaintiff shall be required to file with the

---

[1] Because Plaintiffs filed an Amended Complaint after Defendant filed its original motion to dismiss, the original motion to dismiss [7] is required to be dismissed as moot. See, e.g., Sheppard v. Bank of Am., NA, No. 1:11-CV-4472-TWT, 2012 WL 3779106, at *4 (N.D. Ga. Aug. 29, 2012).

3

complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." O.C.G.A. § 9-11-9.1(a) (Supp. 2012). Defendant contends that this case should be dismissed because the original Complaint did not include an affidavit.

The Eleventh Circuit has not considered whether Section 9-11-9.1 applies to cases filed in federal court. Although the district courts within this Circuit have consistently held that Section 9-11-9.1 does not apply to federal cases, see, e.g., Baird v. Celis, 41 F. Supp. 2d 1358 (N.D. Ga. 1999), Defendant argues that the issue is "unsettled" and asks the Court to find that the statute does apply here.

The Court does not reach the question of the applicability of Section 9-11-9.1 to this case because the question is moot. Plaintiffs filed an Amended Complaint to which they attached Dr. Sexson's expert affidavit.[2] Plaintiff's Amended Complaint supersedes the original Complaint, and the Court looks only to the Amended Complaint to determine the sufficiency of Plaintiffs' pleading. See, e.g., Lowery v. Ala. Power Co., 483 F.3d 1184, 1219–20 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the

---

[2] Defendant does not dispute that Dr. Sexson's affidavit satisfies the substantive requirements of Section 9-11-9.1.

4

operative pleading in the case."). Defendant's motion to dismiss for failure to include an expert affidavit is required to be denied.

### B.     Exhaustion of Administrative Remedies

Defendant next argues that the claims of Nanette Wesley, in her individual capacity, and of T.C. Wesley, IV should be dismissed because Plaintiffs failed to administratively exhaust those claims and the Court lacks subject matter jurisdiction over the claims.

Sovereign immunity shields the federal government from claims asserted against it, and, in the absence of a waiver of the government's sovereign immunity, federal courts lack subject matter jurisdiction over claims asserted against the federal government.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994).  A plaintiff has the burden of demonstrating that the federal government has waived its sovereign immunity with regard to the claims asserted against the government. One of the conditions on the government's waiver of its sovereign immunity under the FTCA is that the claimant submit an administrative claim to the appropriate agency before bringing his or her action against an alleged tortfeasor.  28 U.S.C. §2675(a).  A claim is deemed presented to an agency when a Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain, is executed and presented to the appropriate federal

agency.  28 C.F.R. §14.2(a).  This administrative claim requirement is a prerequisite to the exercise of this Court's jurisdiction and cannot be waived.  See Dalrymple v. United States, 460 F.3d 1318 (11th Cir. 2006).

"The FTCA requires that each claim and each claimant meet the prerequisites for maintaining a suit against the government."  Dalrymple, 460 F.3d at 1325.  Thus, "in multiple claimant actions under the FTCA, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim."  Id.; accord Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008); Kruger v. United States, 686 F. Supp. 2d 1333, 1335 (N.D. Ga. 2010).

In this matter, only one Standard Form 95 was submitted to the Department of Veterans Affairs.  The only claimant identified on the Form was Nanette Wesley, in her capacity as the Administrator of the Estate of the Decedent.  The Form did not identify Nanette Wesley, individually, or T.C. Wesley, IV as claimants.[3]  Nanette Wesley, individually, and T.C. Wesley, IV have not satisfied

---

[3] Plaintiffs do not dispute that Nanette Wesley, individually, and Nanette Wesley, as Administrator of the Estate of the Decedent, are separate "claimants."  See Turner, 514 F.3d at 1200–01 (holding that a mother who filed a Standard Form 95 on behalf of her minor son had submitted a claim only in that capacity and not in her individual capacity).

the FTCA's administrative exhaustion requirement.[4]  Defendant's motion to dismiss their claims is required to be granted.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss Amended Complaint [10] is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** with respect to all claims asserted by Nanette Wesley, individually, and with respect to all claims asserted by Terrell Constantine Wesley, IV.  The motion is **DENIED** with respect to the claims asserted by Nanette Wesley, as Administrator of the Estate of Terrell Constantine Wesley, III.

---

[4] Plaintiffs rely on Brown v. United States, 838 F.2d 1157 (11th Cir. 1988), to argue that their wrongful death claim, brought by Plaintiffs in their individual capacities, was properly preserved by the Standard Form 95 submitted in this matter.  In Brown, the original plaintiff properly filed a Standard Form 95 and then filed a personal injury action.  The plaintiff died before the action reached trial.  The personal representative of the decedent's estate became the plaintiff, and he sought to add a wrongful death claim.  The court held that the wrongful death claim could be added without the submission of a separate Standard Form 95 because the original Form was sufficient to preserve the wrongful death claim.  Unlike Brown, the issue here is not whether any particular *claims* have been preserved but whether all of the *claimants* were identified to the government in the Administrative Claim.  Plaintiffs' Standard Form 95 notified the government only of a claim (or claims) brought on behalf the Decedent's estate.  It did not inform the government of any claims by Nanette Wesley or T.C. Wesley, IV in their individual capacities.  See Turner, 514 F.3d at 1200–01 (explaining that a Standard Form 95 must list each claimant in order to preserve that claimant's claims).

The claims asserted by Nanette Wesley, individually, and Terrell Constantine Wesley, IV are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States of America's Motion to Dismiss [7] is **DENIED AS MOOT**.

**SO ORDERED** this 29th day of January, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE